UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNA MURRAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:16-CV-198 SNLJ |
| STEVEN MARCHBANKS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case comes before the Court on defendants Steven Marchbanks and Premier Legal Center's motion for a protective order regarding discovery and to reconsider case management order and scope of discovery (#41). The plaintiff responded to which defendants replied. The issues are ripe for disposition.

### I. Factual Background

Plaintiff contends that the defendants violated the Driver's Privacy Protection Act ("DPPA") by using her personal information obtained from the Missouri Department of Motor Vehicles ("DMV"), without her consent, to solicit her as a client to sue her automobile's manufacturer. Plaintiff filed this putative nationwide class action lawsuit on behalf of herself and others similarly situated who were solicited as potential clients by the defendants. Defendants acknowledged that they did send the plaintiff solicitation letters but deny that the information was obtained from the Missouri DMV or from the DMV of any other state.

Defendants, via Sunshine Law requests, obtained information from the Missouri DMV regarding requests by certain entities for plaintiff's specific personal information. Further, defendants obtained a list of all entities that received bulk record data from the Missouri DMV. As shown in this information, there were no individual requests for plaintiff's personal information by any entity, but there were 39 entities that may have received plaintiff's driver and motor vehicle records via bulk record distribution. Defendants are correct that none of the defendants' names or businesses are on the list of those entities that requested or received plaintiff's information directly the Missouri DMV. Additionally, Robbie DeShazo, DeShazo Direct Marketing, and DMM, previously defendants in this action, do not appear on this list.

The instant motion relates to discovery and scheduling issues between the parties. Specifically, defendants seek (1) a protective order limiting the scope of the plaintiff's discovery, (2) an amendment to the scheduling order so that this Court may limit discovery to plaintiff's individual claim and discovery relevant to class certification issue only, and (3) an order that this Court will consider the defendants' motion for summary judgment prior to considering plaintiff's motion for class certification.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Trickey v. Kaman Indus. Techs. Corp.*, 1:09CV26

SNLJ, 2010 WL 5067421, at *2 (E.D. Mo. Dec. 6, 2010) (quoting *Breon v. Coca–Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005)). This Court is mindful that discovery is nonetheless not permitted where there is no need shown, where compliance would be unduly burdensome, or where "harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Id.* (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)).

### III. The DPPA

The DPPA, 18 U.S.C. §§ 2721-2725, regulates "the disclosure of personal information contained in the records of state motor vehicle departments." *Maracich v. Spears*, 133 S.Ct. 2191, 2195 (2013). Personal information is defined under the DPPA as "information that identifies an individual," and includes, *inter alia*, a person's "name, address (but not the 5-digit zip code), [or] telephone number." 18 U.S.C. § 2725(3). It is unlawful for "any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722(a). Further, "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." 18 U.S.C. § 2724(a). Regarding the exceptions, the Supreme Court has expressly held that "sending communications for the predominant purpose of solicitation is not a use of personal information exempt from DPPA liability"

3

unless the individual consents to the use of her personal information. *Maracich*, 133 S.Ct. at 2210.

### IV. Defendants' Motion

Defendants request this Court to prohibit the plaintiff from this "broad-based fishing expedition" and limit the discovery to "reasonable parameters." Defendants contend that the plaintiff's interrogatories and requests for production of documents are "overly broad, unduly burdensome, [and] are not proportional to the needs of the case." Because of these discovery requests, defendants claim, they "must pursue a protective order or in the alternative request that the Court reconsider the issue of discovery and limit the discovery to that discovery reasonably tailored and necessary for consideration of class certification." The defendants identify two interrogatories and six requests for production of documents that they claim establish their point.

Additionally, it appears that several of the requests pertain to two individuals – Ruben Leon and Troy Merry – who are not agents of the defendants, as well as two companies that Leon and Merry presumably work for – Spectrum Mailing Lists and Natimark, Inc. Defendants disclosed these individuals in their Rule 26(a) initial disclosures as those who would have discoverable information regarding the source of information from which plaintiff's name was obtained. In light of this disclosure by the defendants, the plaintiff submitted interrogatories asking the defendants to:

> **6. Identify the discoverable information in the possession of Ruben Leon and Troy Merry.**
>
> **7. State the role if any that the following individuals and entities had in obtaining [plaintiff's] personal information, in**

> **advertising your services to her, or in soliciting her to consult with you or retain you as a client: Ruben Leon, Spectrum Mailing Lists, Troy Merry, Natimark, Inc.; if in that role, any of them dealt with another individual or entity, identify that individual or entity by name, address and (in the case of an individual) employer (including the employer's address).**

In conclusory fashion, the defendants argue that these interrogatories are "in no way tailored to issues regarding class certification" and are "overly broad, unduly burdensome, are not proportional to the needs of the case and are merely designed to harass the Defendants in this matter." The Court disagrees. These requests are directly relevant to the plaintiff's claims and likely relevant to potential class members, and are meant to identify how plaintiff's and others' information came to be in the defendants' possession.

Further, one of the discovery requests specifically pertains to Robbie DeShazo, DeShazo Direct Marketing and DDM. Plaintiff initially alleged that these entities obtained plaintiff's personal information from a DMV and provided her information to the defendants. However, as this Court understands, plaintiff voluntarily dismissed these three entities because Ms. DeShazo denied that she provided plaintiff's name to the defendants and defendant Marchbanks submitted an affidavit in which he stated that any references to DDM were an error on his behalf. But because of this ongoing discovery dispute, the defendants apparently have not definitively informed the plaintiff of where they obtained her information. In an effort to determine that information, plaintiff requested the following documents:

> 1. **All correspondence, emails, faxes and texts between defendants and all persons and entities who provided you with, or were in**

> the possession of, Plaintiff's personal information (name and address) and personal information of other automobile owners in Missouri or residents of Missouri to whom you sent an **"ADVERTISEMENT IMPORTANT NOTIFICATION"** or letters containing the same or similar content as Exhibits A and B to the Complaint, soliciting them as clients or describing their actual or possible automobile ownership.
>
> **2.** All agreements, contracts, bills and receipts for your procurement of Plaintiff's personal information and the personal information of other persons and entities in Missouri to whom or to which you mailed letters containing the same or similar content as exhibits A and B to the complaint, soliciting them as clients or describing their actual or possible automobile ownership.
>
> **3.** All correspondence, emails, facts (sic) and texts with Robbie DeShazo, DeShazo Direct Marketing and DDM for the year 2015 to the present.
>
> **4.** All documents containing [plaintiff's] personal information and the personal information of automobile owners in Missouri or other residents of Missouri to whom you sent solicitation letters.
>
> **5.** All faxes, documents, emails and texts to or from Ruben Leon, Spectrum Mailing Lists, Troy Merry and/or Natimark, Inc., referring or related to the personal information of [plaintiff], other automobile owners in Missouri, or Missouri residents to whom you sent an **"ADVERTISEMENT IMPORTANT NOTIFICATION"** or a letter containing the same or similar content as Exhibits A and B to the Complaint, soliciting them as clients or describing their actual or possible automobile ownership.
>
> **6.** All contracts you entered into with Ruben Leon, Spectrum Mailing Lists, Troy Merry and/or Natimark, Inc. related to automobile owners in Missouri.

Again, in conclusory fashion, the defendants argue that these requests are "in no way tailored to issues regarding class certification" and "overly broad, unduly burdensome, and not proportional to the needs of this case." However, these requests

appear to be crafted precisely to seek discovery as to plaintiff's individual claim and the claims of others similarly situated. The information sought is directly relevant to class certification. The Court declines to grant a protective order and declines to reconsider its case management order in this case. Defendants' additional request that the Court address their motion for summary judgment prior to considering plaintiff's motion for class certification is not yet ripe because neither motion is before the Court.

V. **Conclusion**

Plaintiff's discovery requests seek to identify how she and others' information came to be in the defendants' possession. The requests are directly relevant to her claim and to class certification. The Court encourages the parties to resolve all future discovery issues without the Court's intervention.

So ordered this 14th day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE