UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNA MURRAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:16-CV-198 SNLJ |
| STEVEN MARCHBANKS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case comes before the Court on plaintiff's motion to dismiss case without prejudice (#63). The defendants oppose this motion, contending that plaintiff seeks to avoid an adverse decision in the face of the defendants' motion for summary judgment (#61). The plaintiff failed to reply and the time to do so has passed. The motion is ripe for disposition.

**I.    Factual Background**

Plaintiff contends that the defendants violated the Driver's Privacy Protection Act ("DPPA") by using her personal information obtained from the Missouri Department of Motor Vehicles ("DMV"), without her consent, to solicit her as a client to sue her automobile's manufacturer. Plaintiff filed this putative nationwide class action lawsuit on behalf of herself and others similarly situated who were solicited as potential clients by the defendants. Defendants acknowledge that they did send the plaintiff solicitation letters but deny that the information was obtained from the Missouri DMV or from the DMV of any other state.

Defendants, via Sunshine Law requests, obtained information from the Missouri DMV regarding requests by certain entities for plaintiff's specific personal information. Further, defendants obtained a list of all entities that received bulk record data from the Missouri DMV. As shown in this information, there were no individual requests for plaintiff's personal information by any entity, but there were 39 entities that may have received plaintiff's driver and motor vehicle records via bulk record distribution. Defendants are correct that none of the defendants' names or businesses are on the list of those entities that requested or received plaintiff's information directly the Missouri DMV. And in fact, defendants have produced evidence of how defendants came to possess plaintiff's information – including receipts, a declaration and two affidavits establishing the same. Defendants' evidence shows that defendants purchased this information from Spectrum Mailing Lists, a company that warrants that it only acquires information from DPPA compliant sources. Plaintiff has presented no evidence supporting her position, even after having months to conduct discovery.

## II.    Motion to Dismiss Without Prejudice

Plaintiff wishes to voluntarily dismiss the action, without prejudice, under Federal Rule of Civil Procedure 41(a)(2). That rule states: "An action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . unless the order states otherwise, a dismissal under this paragraph is without prejudice." It applies, as compared to Rule 41(a)(1)(A)(i) because the defendants have served their answer and a motion for summary judgment. In fact, defendants' moved for summary judgment four days before plaintiff filed her motion to dismiss without prejudice.

A district court should consider several factors when deciding whether to allow a voluntary dismissal, including: "whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (*quoting Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011)). Further, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

Here, defendants have produced much evidence with respect to their acquisition of plaintiff's information. Plaintiff has yet to produce any evidence indicating that defendants unlawfully obtained plaintiff's information via Missouri's DMV or the DMV of any other state. Additionally, defendants moved for summary judgment before plaintiff moved for voluntary dismissal without prejudice. Finally, plaintiff does not indicate why she attempts to voluntarily dismiss her action and instead, plaintiff's motion appears to be an attempt to avoid an adverse decision. A dismissal, without prejudice, would result in a waste of judicial time and effort. However, plaintiff is granted an additional seven days to submit a response in opposition to defendants' summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to voluntarily dismiss without prejudice (#63) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff has seven days from the date of filing of this memorandum and order to submit a response in opposition to defendants' motion for summary judgment (#61).

So ordered this 19th day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE